Per Curiam.

The plaintiffs’ constitutional challenges to the system of rent regulation in the City of New York are without merit. The 6% return on the assessed valuation of their building allowed under the City Bent Law (Administrative Code of City of New York, ch. 51, tit. Y, § Y51-5.0) is “ entirely adequate to insure a landlord against an unconstitutional confiscation of his property.” (Plaza Mgt. Co. v. City Rent Agency, 25 N Y 2d 630, 632.) Moreover, the formula for computing return has been consistently upheld as reasonable (see Plaza Mgt. Co. v. City Rent Agency, 25 N Y 2d 630, supra; Matter of *694 Hartley Holding Corp. v. Gabel, 13 N Y 2d 306; Bucho Holding Co. v. State Rent Comm., 11 N Y 2d 469), and the plaintiffs have no right to the use of a different formula which would take into account the individual debt position of every landlord. (See Bowles v. Willingham, 321 U. S. 503, 517.)
Nor are the plaintiffs denied equal protection of the laws by the difference in treatment between their pre-1947 building subject to the City Rent Law (Administrative Code, ch. 51, tit. Y) and post-1947 structures regulated by the new Rent Stabilization Law (Administrative Code, ch. 51, tit. YY). The existence of two types of regulation may not be stamped as unreasonable in light of the differences which existed between controlled and uncontrolled housing at the time the Rent Stabilization Law was enacted and the need to encourage the continuation of new residential construction in New York City. (See 8200 Realty Corp. v. Lindsay, 27 N Y 2d 124, also decided today.)
The judgment appealed from should be affirmed, with costs.
Chief Judge Fuld and Judges Scileppi, Bergan, Breitel, Jasen and Gibson concur in Per Curiam opinion; Judge Burke taking no part.
Judgment affirmed.